# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JULIE RENEE T.,[1]

      Plaintiff,

v.

ANDREW M. SAUL,[2]
Commissioner of Social Security,

      Defendant.

CIVIL ACTION

No. 18-2550-JWL

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Disability Insurance Benefits (DIB) pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding error in the Administrative Law Judge's (ALJ) findings of past relevant work, the court ORDERS that the decision below shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the Commissioner's final decision for further proceedings consistent with this decision.

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.
[2] On June 17, 2019, Andrew M. Saul was sworn in as Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

**I.      Background**

Plaintiff argues that the ALJ erroneously concluded that her past work as a marketing director, as a marketing representative, and as an admissions director qualified as past relevant work (PRW) within the meaning of the Act and regulations. (Pl. Brief 16-18). She also argues that the residual functional capacity (RFC) assessed is not supported by the record evidence, and that the ALJ committed additional errors in evaluating the case. Id. at 18-21.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). "Substantial evidence" refers to the weight of the evidence. It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala,

36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past

3

relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The ALJ determined at step four of the sequential evaluation process that Plaintiff had PRW as a marketing director, as a marketing representative, and as an admissions director and was able to perform this work, and he did not continue to step five of the evaluation process and did not decide whether there was other work in the economy of which Plaintiff was capable. (R. 63-64). The court finds that the ALJ did not properly evaluate whether the work Plaintiff performed in the past was "past relevant work" within the meaning of the Act and regulations. Therefore, the step four findings cannot stand and there are no alternative step five findings upon which the decision may be reviewed. Consequently, remand is necessary, and in the present circumstances of this case it is irrelevant whether Plaintiff is capable of the RFC assessed. On remand the Commissioner must evaluate this case again, and the court will not provide an advisory opinion regarding the ALJ's consideration of the earlier steps in the process or regarding his assessment of Plaintiff's RFC.

**II.     Discussion**

Plaintiff argues that a marketing director job is an SVP (specific vocational preparation) level 8 which requires "over 4 years and up to and including 10 years" to learn the job, but that Plaintiff performed the job at most two years, and the job does not qualify as past relevant work.  (Pl. Br. 16-17) (quoting, without attribution Dictionary of Occupational Titles (DOT), Appendix C (4th ed., Rev. 1991), available online at https://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOTAPPC.HTM) (last viewed, August 2, 2019).  She argues that the jobs of marketing representative and admissions director are SVP level 7, requiring "over 2 years and up to and including 4 years" to learn.  Id. at 17 (once again quoting, without attribution DOT, Appendix C).  She argues that she performed the admissions director job individually for only eleven months and the marketing representative job individually in 2006 and 2008, so neither job can qualify as PRW.  Id.  She also argues alternatively that she performed the jobs of admissions director and marketing representative "in combination" at Plaza Manor from January 2005 through February 2008, that the Social Security Administration's (SSA) Program Operations Manual System (POMS) prohibits considering a combination job as generally performed in the economy, and that the ALJ failed adequately to develop the record or to consider the record regarding how Plaintiff actually performed the combination job.  Id. at 17-18.

The Commissioner concedes that the marketing director job and the admissions director job do not qualify as PRW because they were not performed sufficient time for Plaintiff adequately to learn them.  (Comm'r Br. 6).  He argues however, "Because

5

Plaintiff performed the marketing representative job for more than two years," it qualifies as PRW. Id. He argues that Plaintiff performed the marketing representative job for three years, and that is long enough for an SVP 7 job to qualify as PRW. Id. at 7. He argues, "while Plaintiff's testimony about when she performed the two jobs may have been vague ([R]. 83), her work history report showed that she performed the admissions director job at a 'long term care facility' from January 2004 through January 2005, and the marketing representative job at a 'health care' company from January 2005 through February 2008," and they were therefore not a combination job. Id. at 7-8 (citing R. 256).

In her Reply Brief, Plaintiff argues that even if the Commissioner's argument that Plaintiff performed the marketing representative job for three years, that is insufficient time for an SVP 7 job to qualify as PRW. (Reply 1-2). This is so, in Plaintiff's view, because the DOT requires an SVP 7 job to be performed "for 'including 4 years'" to qualify as PRW. Id. at 2 (again quoting without citation DOT, App. C). She reiterates her argument that the ALJ did not properly develop the record or consider the combination job. Id. at 2-4.

The court finds the ALJ did not properly consider whether Plaintiff's past work qualified as PRW within the meaning of the Act and the regulations. As the Commissioner concedes, the jobs of marketing director and of admissions director cannot qualify as PRW because Plaintiff performed the marketing director job for only one of the required 4 to 10 years needed to qualify as PRW and performed the admissions director job for only one of the required 2 to 4 years needed to qualify as PRW. Review

of the decision reveals that the ALJ noted that in order to qualify as PRW a past job must be performed "for a period of time sufficient to learn the occupations," but did not so much as mention the time required to learn an SVP 7 or SVP 8 job. (R. 64). This fact when considered with the fact that the ALJ found two jobs qualified as PRW which the record clearly reveals do not meet the required time, leads the court to wonder whether the ALJ was aware of and considered whether the marketing representative job met the time required to qualify as PRW. The record does not demonstrate that he did, and in fact, suggests that he did not.

>The ALJ discussed Plaintiff's past work with Plaintiff's counsel at the hearing:
>
>ALJ: I want to talk about work you've done in the last 15 years, next. Counsel, I've got a retail sales clerk job, I believe, Nordstrom's in 2003, we did talk about Dennis Bennan's [phonetic], the next job we decided that wasn't SGA [(substantial gainful activity)] level work. Marketing director in 2005 for Fajay Incorporated [phonetic], an outside marketing rep, '06, '07 for Plaza Manor, and admissions director, '06 to '08 for Helen Nursing Rehabilitation. <u>I was not clear job date-wise</u>, I know these jobs, I'm not sure which employer on the last three, so, I know she did each one of those jobs, I'm just not sure I have the order right. Would you agree that's past relevant work?
>
>ATTY: Yes, sir.[3]
>
>ALJ: All right.

(R. 80-81) (underline added).

---

[3] It could be argued that counsel agreed the jobs at issue qualify as PRW, but the Commissioner did not make that argument, and the court will not make it for him. Moreover, in context it appears counsel was merely agreeing with the ALJ that this was work Plaintiff had "done in the last 15 years."

7

In questioning the vocational expert (VE), the ALJ asked him to "please classify the claimant's past relevant work" (R. 93), and the VE responded by classifying the three jobs at issue here. Id. But, other than the earlier conversation with counsel quoted above, the ALJ did not inform the VE that the jobs qualified as PRW, and the VE did not state whether the jobs had been performed long enough to meet the SVP level. As underlined in the testimony quoted above, the ALJ stated he "was not clear job date-wise." (R. 81).

As the parties' Briefs suggest, the record evidence is equivocal regarding the time Plaintiff performed each job at issue. There is record evidence suggesting Plaintiff performed the job of marketing director "from January 2003 to January 2004 and/or in the year 2005." (Pl. Br. 17) (citing R. 69, 82-83, 93); see also (R. 225, 256). There is record evidence suggesting Plaintiff performed the job of marketing representative from 2005 to 2008 (R. 225, 256) or in 2005 (R. 82-83) and in 2006 and 2008 (R. 83); see also (R. 211, 221). There is evidence Plaintiff performed the job of admissions director from January 2004 to January 2005. (R. 256). There is also evidence Plaintiff performed the jobs of marketing representative and admissions director as a combined job from 2005 to 2008. (R. 225). Plaintiff's arguments rely on the evidence at R. 225 and her testimony at the hearing in support of her arguments, and the Commissioner relies on the evidence at R. 256. These facts illustrate the error in the ALJ's evaluation. The evidence is equivocal and therefore inconsistent and ambiguous. It is the responsibility of the ALJ to resolve material inconsistencies and ambiguities in the evidence. Soc. Sec. Ruling (SSR) 96-08p West's Soc. Sec. Reporting Serv., Rulings 149 (Supp. 2018). He did not do so here. The court is without authority to make such findings of fact, so remand is

necessary. Therefore, the parties' arguments regarding the amount of time needed to qualify for an SVP 7 job is irrelevant at this point, but it will be necessary for the Commissioner to resolve that issue also on remand.

**IT IS THEREFORE ORDERED** that the decision below shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

Dated August 5, 2019, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**